# EXHIBIT A

Case 3:20-cv-01777-N-BK   Document 1-3   Filed 07/06/20   Page 2 of 5   PageID 10

FILED
5/26/2020 1:24 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-20-02384-C

Cause No. _____

| | | |
|---|---|---|
| WALEED M. ESAADI | § | IN THE COUNTY COURT |
| | § | |
| VS | § | AT LAW NO. ____ |
| | § | |
| UNITED PARCEL SERVICE, INC.. | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

Comes now Waleed M. Esaadi ("Plaintiff"), and files this complaint against United Parcel Service, Inc. ("Defendant") and would show the Court as follows:

I.

Discovery in this case is to be conducted under Level 2.

II.

Plaintiff is an individual residing in Dallas County, Texas. Defendant is a corporation authorized to do business in Texas and may be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

III.

Plaintiff, a male individual, would show the Court that he has been the subject of sexual harassment by Defendant and its employees while an employee at Defendant. Plaintiff would show that this type of activity was part of a plan by Defendant to set Plaintiff up for failure. Plaintiff would show that Plaintiff was fifty-six (56) years old when he began his employment at Defendant as a custom brokerage solutions specialist. Plaintiff would further show that he a Muslim

Plaintiff's Original Petition Page 1 of 4
Cause No. _____ Esaadi vs. United Parcel Service, Inc.

male of Middle Eastern National Origin who was employed as a UPS Custom Brokerage for Defendant from November 12, 2018 until August 27, 2019. Through the aforementioned time period, Plaintiff's performance was always satisfactory or better. Plaintiff would show that during his employment at Defendant, Defendant discriminated against Plaintiff based on Plaintiff's race, sex, religion, national origin and age. Plaintiff would further show that he was subject to sexual harassment. Plaintiff would show that he was retaliated against by Defendant and the retaliation culminated in his termination from his employment. Plaintiff was subjected to negative terms and conditions on the job.

Plaintiff would show that during his employment, Plaintiff was racially profiled, harassed, and sexually harassed by Defendant and Defendant's agents and employees. Plaintiff would show that Plaintiff complained of this treatment on multiple occasions, but the issues were not resolved. Plaintiff would specifically show that Stephanie Johnson, a supervisor for Defendant, would taunt Plaintiff in a sexual manner for the purpose of causing Plaintiff discomfort and consternation and to set Plaintiff up to commit some inappropriate act. Plaintiff would further show that he complained about the actions of supervisor Johnson to Defendant's human relations department and other appropriate individuals, but that the problem was never remedied.

Plaintiff would show that Plaintiff was terminated from his employment with Defendant on August 27, 2019.

Plaintiff would show that the sexual harassment and discrimination leveled at him caused him emotional distress and damage.

IV

This action is brought under Title VII of the Civil Rights Act of 1964 which prohibits discrimination based upon race, color, sex, religion, national origin or pregnancy, and under the anti-discrimination provisions of the Texas Labor Code. All procedural requirements by both state and federal law to bring this action within the jurisdiction of this Court have been met.

As a direct and proximate result of Defendants' intentional breach of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and of the laws of the State of Texas which prohibit discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

**WHEREFORE**, Plaintiff respectfully requests that Defendant be cited to appear and answer and that he have the following relief against Defendant:

1. Actual damages in excess of the minimum jurisdictional limits of this Court for lost back wages, bonuses and benefits, plus interest at the legal rate;

2. Actual damages for future lost wages and benefits after mitigation discounted to current value, plus prejudgment interest;

3. Compensation damages for physical pain, mental anguish, emotional distress, past medical expenses, future medical expense, lost wages and injured earning capacity past and future;

4. An order awarding Plaintiff the benefits to which he is entitled if he had not been wrongfully terminated;

5. A declaratory judgment that the practices complained of are unlawful and void;

6. An award of pre-judgment and post judgment interest on all amounts awarded pursuant to Plaintiff's claims;

7. An order awarding all lost back pay, lost retirement contributions, lost supplemental retirement contributions, lost medical benefits, lost vacation benefits and any and all other lost benefits which Plaintiff suffered;

8 An award of all compensatory damages incurred by Plaintiff;

9. An award of punitive damages;

10. Costs of Court.

11. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Waleed M. Esaadi*
Waleed M. Esaadi
5200 Meadow Creek Road Apt 2143
Dallas, TX 75248
469.274.9774
wesaadi@yahoo.com