UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALEED M. ESAADI, <br> PLAINTIFF, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC., <br> DEFENDANT. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:20-CV-1777-N-BK |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. Now before the Court is *Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Petition*. Doc. 10. As detailed here, the motion should be **GRANTED IN PART**.

**I.  BACKGROUND**

On May 26, 2020, the *pro se* Plaintiff filed an original petition in a Dallas County court, alleging that Defendant, his former employer, discriminated against him in violation of Title VII and the Texas Labor Code, due to his race, sex, religion, national origin, and age, and ultimately terminated his employment on August 27, 2019. Doc. 1-3 at 3. Defendant removed the case to this Court and moved to dismiss. Doc. 4. Plaintiff then filed an amended complaint, Doc. 8, which Defendant now moves to dismiss with prejudice, asserting that Plaintiff failed to timely exhaust his administrative remedies. Doc. 10 at 4.

**II.   APPLICABLE LAW**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  When considering a Rule 12(b)(6) motion, the court may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice.  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Claimants must exhaust their administrative remedies prior to filing suit by filing a charge of discrimination with the EEOC within 300 days of the alleged discriminatory acts, after which the claimant receives a "right to sue" notice.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  Once a party receives a right to sue notice from the EEOC, they must file suit within 90 days.  42 U.S.C. § 2000e-5(f)(1).  This exhaustion requirement is a mandatory procedural rule, "not a jurisdictional prescription delineating the adjudicatory authority of courts."  *Fort Bend Cty., Tx. v. Davis*, ––– U.S. –––, 139 S. Ct. 1843, 1851 (2019).

Similarly, Chapter 21 of the Texas Labor Code requires that plaintiffs file a charge of discrimination with an appropriate administrative agency (either the EEOC or the Texas

Workforce Commission) within 180 days of the alleged unlawful employment practice. TEX. LAB. CODE § 21.202; *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam). This deadline is "mandatory and jurisdictional" and is not subject to extension or equitable tolling. *Specialty Retailers, Inc.*, 933 S.W.2d at 492 (citation omitted).

### III.   ANALYSIS

Defendant asserts that this case should be dismissed because Plaintiff failed to abide by either the federal or state procedural deadlines during the administrative process. Doc. 10 at 1-5. Plaintiff acknowledges in the operative complaint that he received his right to sue notice from the EEOC on February 25, 2020 and filed his original petition on May 26, 2020. Doc. 8 at 5. In response to Defendant's motion, however, he argues that he timely filed his petition because May 25, 2020 – day 90 – was Memorial Day, thus, his deadline to file was extended to the next day. Plaintiff also contends that the Court has already ruled on the timeliness of his Texas Labor Code charges and should not revisit the issue. Doc. 11 at 2.

As an initial matter, the latter contention is incorrect – in its order, the Court simply terminated Defendant's initial motion to dismiss as moot because Plaintiff filed an amended complaint. Doc. 9. Defendant's argument about the timeliness of the Texas Labor Code charge was never reached. Turning to the merits, Defendant fired Plaintiff on August 27, 2019. Plaintiff was required to file a charge of discrimination relating to his state law claims by February 23, 2020, 180 days later. TEX. LAB. CODE § 21.202; *Specialty Retailers, Inc.*, 933 S.W.2d at 492. Because February 23 fell on a Sunday, Plaintiff's deadline to file was extended to February 24, 2020. *See* FED. R. CIV. P. 6(a)(1)(C) (specifying that filing deadlines "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Plaintiff admits that he did not file by that deadline, but instead waited until February 25, 2020, one day late. See Doc. 8 at 5. Because Plaintiff failed to comply with Chapter 21's 180-day exhaustion deadline, his state law claims should be dismissed with prejudice.[1] *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 554-55 (5th Cir. 2020) (holding that dismissal with prejudice is warranted if the court finds that a party's Texas Labor Code claims are barred by the 180-day deadline).

Plaintiff's Title VII charges, however, fare differently. Upon review, Plaintiff is correct that he timely filed suit after receiving the EEOC right to sue notice because he filed his petition on the first business day after Memorial Day. See FED. R. CIV. P. 6(a)(1)(C). Accordingly, the motion to dismiss Plaintiff's Title VII claims should be denied. See 42 U.S.C. § 2000e-5(f)(1).

## IV. CONCLUSION

For the reasons stated, *Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's First Amended Petition*, Doc. 10, should be **GRANTED IN PART**, to the extent that Plaintiff's state law claims based on Chapter 21 of the Texas Labor Code should be **DISMISSED WITH**

---

[1] Effective September 1, 2021, the deadline for filing a charge of sexual harassment has been increased from 180 days to 300 days. However, this change "applies only to a sexual harassment complaint based on conduct occurring on or after the effective date of this Act. A sexual harassment complaint that is based on conduct occurring before that date is governed by the law in effect on the date the conduct occurred, and the former law is continued in effect for that purpose." *Statute of Limitations Applicable to A Sexual Harassment Complaint Filed With The Texas Workforce Commission*, 2021 TEX. SESS. LAW SERV. CH. 443 (H.B. 21). Thus, the change has no impact on the timeliness of Plaintiff's claims.

**PREJUDICE**, and should be **DENIED** in all other respects.

**SO RECOMMENDED** on July 13, 2021.

*[Signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).