UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALEED M. ESAADI, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-1777-N-BK |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned magistrate judge for pretrial management. Now before the Court is *Defendant's Motion for Summary Judgment*. Doc. 26. As detailed herein, the motion should be **GRANTED**.

I. BACKGROUND

In May 2020, the *pro se* Plaintiff filed an original petition in Texas state court, alleging that Defendant, his former employer, discriminated against him in violation of Title VII and the Texas Labor Code, due to his race, sex, religion, national origin, and age, and ultimately terminated his employment on August 27, 2019. Doc. 1-3 at 3. Defendant removed the case to this Court and moved to dismiss. Doc. 1; Doc. 4. Plaintiff then filed an amended complaint. Doc. 8. In it, he details a variety of discriminatory acts by Defendant's employees, including (1) a co-worker's questions about his national origin and religion; (2) co-workers' suggestive behavior and sexual physical contact; and (3) various acts of purported retaliation. *See* Doc. 8, *passim*. On Defendant's motion, the Court dismissed Plaintiff's claims under the Texas Labor Code for failure timely exhaust administrative remedies, leaving only Plaintiff's Title VII claims. Doc. 12; Doc. 13. Defendant now moves for summary judgment on those claims. Doc. 26.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (citation omitted).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (internal alterations omitted) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

## III. ANALYSIS

Defendant contends that Plaintiff did not adequately exhaust his administrative remedies as to any of his claims because Plaintiff's EEOC Charge of Discrimination (the "Charge") is "fact-less," which undermines the EEOC's investigatory and conciliatory purposes as well as the

goal of resolving employment discrimination claims non-judicially.[1]  Doc. 27 at 12-14.  Plaintiff, now counseled, does not offer much defense to this argument, but in an attempt to distinguish one of the cases Defendant cited, asserts only that "the lawsuit filed matches the claims set forth in the EEOC charge."[2]  Doc. 30 at 5.

Title VII makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Claimants, however, must exhaust their administrative remedies prior to filing suit by timely filing a charge of discrimination with the EEOC after which the claimant eventually receives a "right to sue" notice.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).  Once a party receives a right to sue notice from the EEOC, they must file suit within 90 days.  42 U.S.C. § 2000e-5(f)(1).  The exhaustion requirement is a mandatory procedural rule, "not a jurisdictional prescription delineating the adjudicatory authority of courts."  *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019).

---

[1] While Defendant also moves for summary judgment on a number of other grounds, Plaintiff's failure to exhaust is dispositive.  Thus, the Court need not reach Defendant's remaining arguments.

[2] It is questionable whether Plaintiff sufficiently briefed this argument.  "[T]o properly raise an argument, a party must ordinarily identify the relevant legal standards and any relevant Fifth Circuit cases."  *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (citations omitted); *cf. Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ( "Where analysis is so deficient, this court has considered the issue waived for inadequate briefing.").  While the holdings in these cases derive from the Federal Rules of Appellate Procedure, this Court's local rule similarly requires motions and responses to be "accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities . . . ."  N.D. TEX. L. CIV. R. 7.1(d); *see Architectural Granite & Marble, LLC v. Pental*, No. 3:20-CV-295-L, 2023 WL 121996, at *4 (N.D. Tex. Jan. 6, 2023) (Lindsay, J.) (finding issue waived where the party merely argued in a conclusory fashion that a motion was meritless and cited a single case).  Nevertheless, Plaintiff's argument fails on the merits.

"[A]dministrative exhaustion is a mainstay of proper enforcement of Title VII remedies and exists to facilitate the EEOC's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Ernst v. Methodist Hosp. System*, 1 F.4th 333, 337 (5th Cir. 2021) (cleaned up) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)). To satisfy exhaustion requirements, a claim must arise out of the plaintiff's EEOC charge, because a key purpose of the charge is to "give the employer notice of the existence and general substance of the discrimination allegations." *Id.* (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)). "Because a person filing an EEOC charge is usually not represented by counsel, the court must not strictly construe the EEOC charge and require the complainant to allege every instance of discrimination." *Hayes v. MBNA Tech., Inc.*, No. 3:03-CV-1766-D, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (Fitzwater, J.) (citing *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)).

Nevertheless, the Court of Appeals for the Fifth Circuit has deemed it an "obvious proposition that the crucial element of a charge of discrimination is the factual statement contained therein." *Melgar v. T.B. Butler Publg. Co.*, 931 F.3d 375, 379 (5th Cir. 2019) (quoting *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982)). "Everything else entered on the form is, in essence, a mere amplification of the factual allegations." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970); *see also* 29 C.F.R. § 1601.12(a)(3) (providing that a charge of discrimination must include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices."). Indeed, in determining whether an allegation in a complaint falls within the scope of an EEOC charge for exhaustion purposes, courts must engage in a "fact-intensive analysis of the statement given by the plaintiff in the administrative charge. . . ." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006); *see*

4

*also Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) ("This Court has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient . . . .").

Here, the substantive portion of Plaintiff's Charge reads as follows:

I, Esaadi M. Waleed, am a fifty-seven year old Muslim male of Middle Eastern National Origin who was employed as UPS Custom Brokerage for United Parcel Service, (hereinafter referred to as "Respondent"), from November 12, 2018 until August 27, 2019. Throughout the aforementioned time period, my performance was always satisfactory or better. I believe I was discriminated against due to my protected classes, and in retaliation for participating in activity, when I was subjected to negative terms and conditions on the job including but not limited to the following:

1. During my employment, I racially profiled, harassed, and sexually harassed [sic]. I complained of this treatment on multiple occasions, but the issues were not resolved.

2. I was terminated from my employment on August 27, 2019.

Doc. 27-9 at 2. He lists the dates the discriminatory acts took place as the day his employment began through the date of his termination. Doc. 8 at 1-2; Doc. 27-9 at 2. The EEOC issued a right to sue notice the same day Plaintiff filed the Charge, stating that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." Doc. 27-10 at 2.

Upon consideration of the law, the pleadings, and the parties' briefs, the Court concludes that Plaintiff's Charge was insufficient to exhaust his administrative remedies. The Fifth Circuit has reached the same conclusion under similar circumstances. For example, in *Melgar*, the Court held that, although an intake questionnaire can suffice as a charge, it did not qualify in that

5

case because it did not "contain a clear and concise statement of facts alleging unlawful employment practices." *Melgar*, 931 F.3d 375, 380 (5th Cir. 2019) (citing 29 C.F.R. § 1601.12(a)(3)); *see also Spears v. DSM Copolymer, Inc*., 103 F.3d 124, at *1 (5th Cir. 1996) (per curiam) (Table) (holding that the claimant failed to exhaust his administrative remedies because his EEOC charge did not "enunciate facts sufficient to direct the EEOC to investigate the claims alleged in his complaint."). The court reached the opposite conclusion, however, where the plaintiff's questionnaire did include that information. *Equal Emp. Opportunity Comm'n v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 755 (5th Cir. 2020).

      District courts in this circuit have held similarly. *See Doe v. Merritt Hosp., LLC*, 353 F. Supp. 3d 472, 480 (E.D. La. 2018) (finding sexual harassment claim unexhausted because the plaintiff "did not explain his sexual harassment claim in his charge of discrimination" or "cite any evidence in the record indicating that the EEOC investigated his sexual harassment claim . . ."); *Williams v. Health Tx. Provider Network*, No. 3:16-CV-391-M-BK, 2017 WL 2608813, at *3 (N.D. Tex. June 1, 2017) (Toliver, J.) (collecting cases and finding that the plaintiff did not exhaust his Title VII retaliation claim because his EEOC questionnaire did not include facts concerning the allegation or the employment practice he opposed), *adopted by*, 2017 WL 2616952 (N.D. Tex. June 15, 2017) (Lynn, C.J.).

      The same result is required in this case despite Plaintiff's belated attempt to flesh out his claims in the operative complaint. To hold otherwise would permit a claimant to make over-generalized claims of discrimination and then build his case in court. Such a practice would dramatically undermine the EEOC's investigatory and conciliatory purposes despite its "role as primary enforcer of anti-discrimination laws." *See Ernst*, 1 F.4th at 337 (citation omitted). It would also contravene the purpose of the statutory scheme by failing to provide an employer

with sufficient notice of the claims against it. *Id.*; *see also* 29 C.F.R. § 1601.12. The end result would be the same as can be seen in this case; the Court is left unable to conduct the necessary "fact-intensive analysis" of the Charge vis-a-vis the far more detailed allegations in Plaintiff's complaint to determine whether he exhausted his claims. *Pacheco*, 448 F.3d at 789.

In sum, Plaintiff's failure to allege *any facts* in the Charge supporting his allegations is fatal to his claims. *See Givs v. City of Eunice*, 512 F.Supp.2d 522, 536-37 (W.D. La. 2007) ("Even though plaintiff checked both the race and retaliation boxes on the EEOC complaint, the Court does not accept that merely checking the retaliation box is sufficient to exhaust his administrative remedies. Plaintiff's failure to allege *any facts* concerning retaliation or harassment that would have put the EEOC on notice about the possibility of such, are fatal to these claims.") (emphasis in original), *aff'd*, 268 F. App'x 305 (5th Cir. 2008) (per curiam).

### IV.   CONCLUSION

For the reasons stated, *Defendant's Motion for Summary Judgment*, Doc. 26, should be **GRANTED**, and this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on March 2, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).